IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

THE READLYN TELEPHONE COMPANY, )
) No. 6:10-cv-2040-JEG-RAW
    Plaintiff, )
vs. ) RULING ON MOTION
) TO COMPEL
QWEST COMMUNICATIONS ) OF QWEST COMMUNICATIONS
CORPORATION, ) CORPORATION
)
    Defendant. )

The above resisted motion [56] is before the Court. It is decided on the motion papers. LR 7.c. The discovery dispute concerns the sufficiency of Readlyn's objections and responses to certain of Qwest's first set of requests for production, and an answer to an interrogatory propounded in Qwest's first set of interrogatories. The Court takes up the disputed issues in the order presented by Qwest.

<u>Customer Proprietary Network Information ("CPNI")</u>

Readlyn's objection to producing CPNI is overruled. The information is relevant to Qwest's counterclaims and defenses. Discovery in the circumstances of this case is authorized by 47 U.S.C. § 222(c)(1), and probably subsection (d)(2) as well. *See CMC Telecom, Inc. v. Michigan Bell Tel. Co.*, 637 F.3d 626, 630 (6th Cir. 2011); *ICG Commun., Inc. v. Allegiance Telecom*, 211 F.R.D. 610, 612, 614 (N.D. Cal. 2002)(cited in *CMC Telecom*); *ASIS Internet Serv. v. Active Response Group*, 2008 WL 2129417, at *3 (N.D. Cal. 2008). CPNI disclosed in compliance with this order shall be produced subject to existing protective order.

Production of Responsive Electronically Stored Information in Native Format or Read-Only But Searchable Format

Federal Rule of Civil Procedure 34(b)(2)(E) requires that a party must produce electronically stored information ("ESI") "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms . . . ." Similarly the Advisory Committee Note to the 2006 rules amendment ("Advisory Committee Note") explains that if the form of production has not been specified by agreement or court order "the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably useable." Readlyn says it has produced ESI in a reasonably useable form and to the extent of its production thus far the Court is not convinced Readlyn has failed to do so. The Court will not require Readlyn to re-produce documents already produced in native format or read-only but searchable format. However, to the extent this ruling requires production of additional documents sought by RFPs 17, 18, 30 and 31 (financial, billing or accounting information typically on spreadsheets) the ESI shall be produced in native format or read-only but searchable format. Specifically, if Readlyn ordinarily maintains additional information subject to production by this ruling "in a way that makes it searchable by electronic means," care shall be taken that the form of production will not "remove[] or significantly degrade[]" the searchable feature. Advisory Committee Note.

2

RFPs 6 and 16

These requests seek production of documents exchanged with consultants, affiliated companies or FCSCs pertaining to FCSCs, access revenue sharing, switched access tariffs, local exchange tariffs, or rate development. It is unclear to the Court in the motion papers what the status of Readlyn's production on these items is. Readlyn has responded subject to its objections. The principal dispute appears to be about what is meant by the word "consultant." The documents sought have discovery relevancy. Readlyn's other conclusory objections are overruled, except attorney-client privilege and work-product doctrine. If there remains any question about the term "consultant" Readlyn should respond with respect to any person from whom Readlyn sought advice or consultation on the topics described in the RFPs. The motion is granted to require supplementation to the extent any non-privileged documents have been withheld on the basis of the objections put forward, provided, however, any documents concerning which Readlyn claims attorney-client privilege, work-product protection, or other privilege shall be identified on a privilege log.

RFPs 8 and 14

These requests seek revenue information concerning traffic routed to Readlyn or sent to each FCSC and specified records relating to the volume of traffic routed to Readlyn associated with each FCSC, including specifically call detail

3

records (CDRs). Much of Readlyn's resistance has to do with the burden of producing the requested CDRs. Its undue burden objection in this regard is sustained. Beyond this Readlyn's objections are overruled and the motion granted. Readlyn shall produce any documents, other than the CDRs, withheld from production on the basis of its objections and shall supplement its responses accordingly.

RFPs 17, 18 and 31

These RFPs seek documents relating to payments from any FCSC (17), documents relating to any payments to an FCSC (18), and comprehensive financial records from January 1, 2005 (31). The objections to 17 and 18 are breadth and burden, or lack of possession, custody or control, but subject to them Readlyn responds it has or will produce responsive documents (through incorporation of Readlyn's response to RFP 5). It is thus not clear what has been withheld on the basis of these objections if anything. Readlyn's objections to RFPs 17 and 18 are overruled. Readlyn shall produce all responsive documents within its possession, custody or control as that phrase is commonly understood in the federal rules, and supplement its responses and produce additional documents accordingly. Fed. R. Civ. P. 34(a)(1).

RFP 31 is quite broad in calling for production of now eight years of balance sheets, financial statements, monthly income statements, monthly cash flow statements, monthly trial balances,

4

detailed trial balances, summary trial balances, and general ledgers. The Court can understand that the financial records sought are relevant to determining if Readlyn accounted for FCSCs as it did for traditional end-users, an issue which bears on Qwest's Communications Act claims and defenses. Readlyn's discovery relevancy objection therefore are overruled. RFP 31 is specific, hence the "vague and ambiguous" objections are overruled. The burden objection is not supported. The Court will give Readlyn some relief on the issue of breadth. In response to RFP 31 Readlyn shall produce its annual financial statements, income statements, balance sheets and general ledger, but not the monthly financial records sought by the request. To this extent the motion is granted.

RFPs 23 and 24

These RFPs seek invoices and documents from January 1, 2004 relating to certain high capacity services provided to FCSCs and non-FCSCs. A relevant fact issue is whether Readlyn treated the FCSCs the same as it did other customers with respect to tariff rates, terms and conditions. The information requested will reflect whether FCSCs and non-FCSCs were treated the same with respect to the services described in the requests. The breadth, vagueness and ambiguity objections are overruled, as are the CPNI and discovery relevancy objections. The undue burden objection is not supported and as Qwest notes, Readlyn is not a large town and it may well be that not many local businesses received high capacity services. If,

5

however, there are a significant number of such customers the parties should, as Qwest has offered, discuss narrowing the request to a random selection of such customers. Subject to the foregoing, the motion is granted with respect to these RFPs.

RFP 25

This RFP seeks documents relating to the payment of taxes concerning services provided to the FCSCs. Readlyn objects, noting the heightened two-part relevancy and need standard for production which courts often apply to tax return discovery requests. *See EEOC v. Ceridian Corp.*, 610 F. Supp. 2d 995, 996-97 (D. Minn. 2008).

Qwest has narrowed the request to documents that specifically refer to an FCSC by name or by direct implication. It also states it is not interested in Readlyn's tax return information. Collection and payment of taxes on services provided to FCSCs is relevant to the end-user issue. Readlyn says it has produced documents showing it billed taxes to an FCSC but argues evidence of *payment* of taxes is irrelevant. The Court disagrees. Payment as well as billing of taxes is relevant. The motion is granted with respect to RFP 25 provided Readlyn is not required to produce documents from its tax returns.

RFP 33

This RFP sought all Readlyn board of directors meeting minutes since January 1, 2004. Readlyn's original overbreadth objection was well taken. The other conclusory objections are not.

6

However, Qwest says it has since narrowed the request to those portions of board minutes which discuss FCSCs, Sully or TouchTone Communications, the business of those entities, revenues from those entities, traffic pumping litigation in Iowa generally, or Readlyn's relationship with an FCSC, Sully or Touchtone. As narrowed the request is clearly relevant. According to Qwest, in discovery information has been produced which indicates Readlyn and Sully had an arrangement whereby Sully sent originating calls to Readlyn. As narrowed the motion to compel with respect to this RFP is granted. Readlyn shall supplement and provide non-privileged responsive documents accordingly.

<u>INT 16</u>

This INT inquired about Readlyn's communications with FCSCs on the subject of whether Readlyn should issue invoices to FCSCs for service provided. Apparently there is some evidence that other LECs have back dated invoices, something the IUB and FCC have found relevant to the end-user issue. Readlyn's only objection is that the interrogatory is compound. That objection is overruled. Subject to that objection Readlyn has provided some information concerning discussions with a Mr. Neill of ICORE which, as the Court understands Readlyn's response to the motion, are the only non-privileged communications within the scope of the interrogatory. Readlyn has not, however, responded to those parts of the interrogatory seeking the details of the communications. The

7

motion to compel is granted to require Readlyn to answer subparagraphs (c) through (f) of the interrogatory (content, why it was decided to issue or not issue invoices, facts that evidence the communications, and identification of relevant documents). Readlyn shall supplement its answer accordingly.

Motion to compel [56] **granted in part and denied in part** in conformity with the foregoing. To the extent granted Readlyn shall supplement its discovery responses and provided documents within twenty (20) days of the date hereof. The Court elects not to undertake an apportionment of fees and expenses incurred in relation to the motion. Fed. R. Civ. P. 37(a)(5)(C). The Court reserves for later determination on separate motion, if necessary, Qwest's request to reopen the deposition of Readlyn.

IT IS SO ORDERED.

Dated this 29th day of March, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE

8